UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **STEVEN LAMBERT, ET AL.** | \* | **CIVIL ACTION** |
| **VERSUS** | \* | **NUMBER: 07-3856** |
| **GENERAL MOTORS CORPORATION** | \* | **SECTION "L"(4)** |

**ORDER & REASONS**

Before the Court is the Plaintiffs' Motion to Remand (Rec. Doc. 7).  For the following reasons, the Plaintiffs' motion is now DENIED.

**I.      BACKGROUND**

This case arises from an automobile accident that occurred on or about June 25, 2006, when a 2005 Saturn Ion driven by 16-year-old Erica Lambert struck a house after she lost control of the vehicle.  The vehicle's air bags failed to properly deploy on impact.  The Plaintiffs allege that the air bags' failure was the result of negligence on the part of Defendant General Motors Corporation ("GM"), and that this failure was the cause of various injuries sustained by Erica Lambert.

In June of 2007, the Plaintiffs filed the present action in the 24th Judicial District Court for the Parish of Jefferson, State of Louisiana.  The Plaintiffs seek damages for pain and suffering, mental anguish and anxiety, emotional distress, loss of enjoyment of life, and disfigurement and medical expenses, all arising out of the injuries Erica Lambert sustained to her jaw and mouth.

The Defendant removed the case to this court on July 25, 2007, based on diversity of citizenship under 28 U.S.C. § 1332.  In the instant motion, the Plaintiffs argue that their

1

complaint does not allege claims exceeding $75,000, and ask the Court to remand this case to state court.

**II.     LAW & ANALYSIS**

The removing defendant bears the burden of demonstrating that federal jurisdiction exists and therefore that removal was proper.  *See Jernigan v. Ashland Oil, Inc.*, 989 F.2d 812, 815 (5th Cir. 1993).  As a general matter, the removal statute is to be construed narrowly and in favor of remand to state court.  *See Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100 (1941).  Indeed, "doubts regarding whether removal jurisdiction is proper should be resolved against federal jurisdiction."  *Acuna v. Brown & Root Inc.*, 200 F.3d 335, 339 (5th Cir. 2000).  Accordingly, all disputed questions of fact must be resolved in favor of the non-moving party.  *See Burden v. Gen. Dynamics Corp.*, 60 F.3d 213, 216 (5th Cir. 1995).

GM contends that this Court has diversity jurisdiction over this case because complete diversity exists between the parties and the amount in controversy exceeds $75,000.  *See* 28 U.S.C. § 1332.  The Plaintiffs do not dispute that diversity of citizenship exists, however, they argue that the amount-in-controversy requirement is not satisfied in this case.

The uncertainty regarding the amount in controversy arises in this case because "Louisiana prohibits plaintiffs from claiming a specific dollar amount of damages."  *Felton v. Greyhound Lines, Inc.*, 324 F.3d 771, 773 (5th Cir. 2003).  In this Circuit, "[w]hen the plaintiff's complaint does not allege a specific amount of damages, the defendant must prove by a preponderance of the evidence that the amount in controversy" is sufficient to meet the statutory requirements.  *De Aguilar v. Boeing Co.*, 11 F.3d 55, 58 (5th Cir. 1993).  The defendant satisfies its burden by either (1) "demonstrating that it is 'facially apparent' that the claims are likely

above $75,000," or (2) "setting forth facts in controversy–preferably in the removal petition, but sometimes by affidavit–that support the finding of the requisite amount." *Simon v. Wal-Mart Stores, Inc.*, 193 F.3d 848, 850 (5th Cir. 1999) (citation omitted).

The Court finds that GM has demonstrated by a preponderance of the evidence that a damage award for Plaintiffs may exceed $75,000.  The Plaintiffs allege that as a result of the injuries sustained by Erica Lambert they are entitled to damages for pain and suffering (past, present and future); mental anguish and anxiety (past, present, and future); emotional distress (past, present, and future); loss of enjoyment of life (past, present, and future); disfigurement; and medical expenses (past, present, and future).  *See* Pls.' Complaint ¶ 12 (Rec. Doc. 1-5).  The Defendant argues that the Plaintiffs' allegations satisfy the jurisdictional amount requirement, based on damages awarded for similar injuries in the Louisiana state courts.  The Court agrees.  Medical expenses alone are likely to be substantial, considering that Erica Lambert has been treated at two hospitals for injuries sustained in the accident, including lacerations to her face and chin, and broken or dislocated teeth.  Because of Erica Lambert's young age, disfigurement damages could be especially high.  For example, in 1996, the Louisiana Fifth Circuit Court of Appeal upheld an award of $85,000 to a plaintiff who suffered the loss of four front teeth and serious whiplash injuries.  *See Corvers v. Acme Truck Lines,* 673 So.2d 1088, 1091 (La. App. 5 Cir. 4/16/96).  The same court in 2002 awarded $75,000 in damages to a minor passenger who suffered a back injury, lacerated spleen, slightly disfigured hand, and permanent scars on his lip as a result of a car accident; another minor in that case was awarded $90,000 for a ruptured spleen, cuts on his arm, a secondary infection, and permanent scars on his stomach and arm.  *See McBride v. State Farm Mut. Auto Ins. Co.*, 815 So.2d 249, 258-59 (La. App. 5 Cir. 3/26/02).

"Because Louisiana plaintiffs are not limited to recovery of the damages requested in their pleadings, a plaintiff must affirmatively renounce the right to accept a judgment in excess of $75,000 for his pre-removal state court pleadings and stipulations to bind him." *Davis v. State Farm Fire & Cas.*, Nos. 06-560, et al., 2006 WL 1581272, at *2 (E.D. La. June 7, 2006). In this case, the Plaintiffs have not made such a binding stipulation, and the Court finds that the Defendant has demonstrated that the amount-in-controversy exceeds $75,000. Accordingly, the Court finds that diversity jurisdiction exists in this case.

### III.   CONCLUSION

For the foregoing reasons, IT IS ORDERED that the Plaintiffs' Motion to Remand is DENIED.

New Orleans, Louisiana, this  19th   day of    December   , 2007.

                                                                    _____
                                                                    UNITED STATES DISTRICT JUDGE